

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:                    Attention: Mr. J. B. Draper, Chief
                                        Driver's License Division

                             Opinion No. O-3907
                             Re: Interpretation of Section 13,
                                 Article 6687b, Vernon's Revised
                                 Civil Statutes of Texas.

        We acknowledge receipt of your letter of December 3, 1941, in which you request the opinion of this department on the following fact situation which we quote:

        "Your attention is called to Section 13, Article 6687b, R.C.S., the last sentence of which reads as follows:

        "'It shall be a defense to any charge under this Section that the person so charged produce in court an operator's, commercial operator's, or chauffeur's license theretofore issued to such person and valid at the time of his arrest.'

        "In some sections of the State there are persons who interpret this Section to the effect that a person arrested for operating a commercial motor vehicle without having in his possession a commercial operator's license may defend such charge by producing in court an operator's license valid at the time of his arrest.

        "Since all three types of licenses are mentioned in this sentence, we construe this Section to mean that a person charged with operating a commercial motor vehicle and required under the law to have a commercial operator's license, might defend such a charge of not having a commercial operator's license by producing in court a commercial operator's license valid at the time of his arrest; and that producing an operator's license valid at the time of his arrest should not be a successful defense.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Homer Garrison, Jr., Director, Page 2

"Please advise us which construction is, in your opinion, correct."

The portion of Article 6687b, Section 13, which you quote obviously is intended to prevent the conviction of a person for not having an operator's, commercial operator's, or chauffeur's license when it appears that he actually did have such license at the time of his arrest. In other words, if a person is arrested and charged with not having a commercial operator's license he may defend this charge by proving that he actually had a valid commercial operator's license at the time of his arrest, although he did not at that time have it on his person. Under no logical construction, however, could such person defend the charge of not having a commercial operator's license by proving that he did have a chauffeur's license or an operator's license. A person so charged may defend only upon the ground that the offense with which he was charged actually is untrue. It is the opinion of this department that the construction which you have placed upon the above quoted article is correct.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Ross Carlton_
Ross Carlton
Assistant

APPROVED DEC 19, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

RC:LM